| Fill in this information to identify the case: | |
|---|---|
| Debtor Name _____RG Aviation LLC_____ <br><br> United States Bankruptcy Court for the Eastern District of Pennsylvania <br><br> Case Number: 24-14201 | ❏ Check if this is an amended filing |

## Official Form 425

## Modified

## Plan of Reorganization for Small Business Under Chapter 11    02/20

**RG AVIATION LLC's Plan of Reorganization, Dated 02/18/2025**

**Background for Cases Filed Under Subchapter V**

    A. **Description and History of the Debtor's Business**

This Debtor is a Limited Liability Company, the Debtor has been in the Business of Aviation ownership and transportation.

This Debtor filed for protection under Subchapter V of Chapter 11 of the United States

The Debtor is an LLC with one member, Rafael Guerrero. The Debtor started business in June 2022. The Debtor is in the business of airline transportation. The Sole asset at this point is an airplane worth 2.35 million while approximately 1.52 million is owed on that airplane

To date, the Debtor was forced to rely heavily for the secured debt payment on principal Rafael Guerrero.

The Debtor had not been able to get final FAA Approval to fly however, they now have a contract with management company and should be able to begin to generate revenue by February 23, 2025 and can begin a budget effective that date.

The debtor's plan is to restructure their secured debt of approximately 1.52 million with a 20-year amortization instead of the present 15-year amortization with a 7-year ballon if with the 7-year ballon to begin 30 days after the plan confirmation. Debtor has had discussions with Legacy bank and the bank is in agreement to those terms.

The Debtor feels that with the restructure of its secured debt and the beginning of its generation of revenue it will be able to pay its debt service and generate of a profit going forward.

    B. **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan

will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter

Page 1

7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

**C. Ability to make further plan payment and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit B.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $16,000 per month.

The final Plan payment is expected to be paid in November of 2025.

The modify loan with the secured creditor is projected to last until July of 2032 with a balloon payment at that time.

## Article 1: Summary

This Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors of the Debtor from cash flow from operations.

This Plan Provides for:   ___1___   classes of secured claims

   ___1___   classes of priority claims

   ___0___   classes of nonpriority unsecured claims and

   ___1___   classes of equity security holders

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately __0__ cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. Your rights may be affected. **You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interest

| | | |
|---|---|---|
| 2.01 | **Class 1** ............................... | All allowed claims entitled to priority under § 507(a) of the Code THIS CLASS INCLUDES ALL ATTORNEYS FEES SUBCHAPTER V TRUSTEE FEES AND ANY ADDITIONAL PROFESSIONAL FEES APPROVED BY THE COURT PRE OR POST CONFIRMATION. THESE CLAIMS SHOULD BE PAID IN THE APPROXIMATE TOTAL AMOUNT OF $10,000 |
| 2.02 | **Class 2** ............................... | The claim of the creditor secured by the Debtor's aircraft Legacy Bank & Trust Company to the extent allowed as a secured claim under § 506 of the Code. |

Debtor Name: _____RG Aviation LLC_____          Case Number: ___24-14201__

| | | |
|---|---|---|
| 2.03 | **Class 3** ............................... | All non-priority unsecured claims allowed under § 502 of the Code. (add other classes of unsecured claims, if any) |
| 2.04 | **Class 4** ............................... | Rafael Guerrero is the sole member of the Debtor and will retain his equity interest in the Debtor. |

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

| | | |
|---|---|---|
| 3.01 | **Unclassified Claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |

**There are no gap period claims.**

| | | |
|---|---|---|
| 3.02 | **Administrative expense Claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code. |
| 3.03 | **Priority tax claims** | **There are no priority tax claims.** |
| 3.04 | **Statutory Fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |

**There are no statutory fee claims.**

| | | |
|---|---|---|
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

**There are no prospective quarterly fees.**

**Article 4: Treatment of Claims and Interests Under the Plan**

4.01 **Claims and Interests shall be treated as follows under the Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1- **Priority Claims** | ☒ Impaired<br>☐ Unimpaired | Will be paid 5 monthly payment of $2,000 per month, beginning one month after confirmation until paid in full |
| Class 2- **Secured Claims** of, Legacy Bank & Trust Company | ☒ Impaired<br>☐ Unimpaired | Paid at 5.75% interest with a 20-year amortization |

| | | | |
|---|---|---|---|
| | | | and with a 7-year ballon payment due July 2032 pursuant to a modified loan agreement |
| | Class 3- **Non-priority unsecured creditors** | ❏ Impaired<br>❏ Unimpaired | None |
| | Class 4- **Equity security holders of the Debtor** | ❏ Impaired<br>☒ Unimpaired | Rafael Guerrero will retain his equity. |

### Article 5: Allowance and Disallowance of Claims

5.01 **Disputed Claim**   A disputed claim is a claim that has not been allowed or disallowed [by a final non- appealable order], and as to which either:
(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or
(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of distribution on a disputed claim**   No distribution will be made on account of a disputed claim such claim is allowed by a finial non-appealable order.

5.03 **Settlement of disputed claims**   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01 **Assumed executory**   (a) The Debtor assumes, and if applicable assigns, the following executory Contracts and unexpired leases as of the effective date:

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.
A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

### Article 7: Means for Implementation of Plan

The Plan shall be funded through the Disposable Income generated by Debtor's future operations. The Debtor will act as the disbursing agent for Plan payments. Disbursements will start no later than July 31st, 2025 and will continue for 5 months. Plan payments will equal 2,000 per month.

Plan shall be confirmed under line 1191 (a) and the Subchapter V Trustee shall be discharged upon the plan effective date, which will be substantial consummation. The date of, Debtor will file financial report required by

Debtor Name: _____RG Aviation LLC_____          Case Number:___24-14201___

Local Rule 3021-1. Any professionals needed would be retained by Court order. Debtor will file for a Final Decree within 14 days after substantial consummation.

      The Debtor shall have the exclusive right, but shall be under no obligation, to pursue causes of action allowed under applicable law, including Bankruptcy Code. The Debtor shall prosecute any causes of action diligently so as to conclude such actions as soon as practicable, with the proceeds therefrom being distributed by the Debtor. The Debtor is presently aware of no such avoidance actions that it intends to pursue.

      From and after the Effective Date, the Debtor may, in the ordinary course and without the necessity of any approval by the Bankruptcy Court, pay the reasonable fees and expenses of professional persons thereafter incurred, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

      If the Debtor seeks confirmation 1191(b) then if all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interest that is impaired under, and has accepted, the plan.

      The Subchapter V Trustee shall have appropriate remedies, which include the liquidation of nonexempt assets, to protect the holder of claims or interests in the event that the payments are not made.

      The Subchapter V Trustee will make the disbursements and will file the financial reports required under Local Rule 3021-1. Any professionals needed would be retained by Court order and would be required to file application for compensation.

### Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: **None** |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate governance** | Rafael Guerrero is and will remain the sole member, the entire Board of Directors, and all of the officers of the Debtor. |

Debtor Name: _____RG Aviation LLC_____            Case Number:___24-14201__

8.08 **Retention of Jurisdiction**    The Bankruptcy Court will retain jurisdiction after the effective date of the plan to address fee applications and any other issues.

### Article 9: Discharge

[Discharge if the Debtor is a corporation under Subchapter V]

If the Debtor's Plan is confirmed under § 1191(a), on the date of confirmation of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i)    Any payment is provided for this Plan; or
(ii)   to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i)    on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
(ii)   excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

On confirmation, all property of the Debtor shall vest in the Debtor, free and clear of all liens, claims and encumbrances, except as provided in the Plan.

Respectfully submitted,

| | |
|---|---|
| /S/ RAFAEL GUERRERO | RAFAEL GUERRERO |
| [Signature of the Plan Proponent] | [Printed Name] |
| | |
| /S/ SHAWN LAU | SHAWN LAU, ESQ. |
| [Signature of the Attorney for the Plan Proponent] | [Printed Name] |

Page 6